IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIK FINMAN and FREEDOM PHONE LIMITED COMPANY, LLC, <br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>CLEARCELLULAR, INC. and MICHAEL PROPER,<br><br>Defendants and Counterclaim Plaintiffs. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br>Case No. 2:22-cv-00272-JNP-JCB<br><br>District Judge Jill N. Parrish |

Erik Finman and Freedom Phone Limited Company, LLC (collectively, the plaintiffs) developed a business selling a cell phone called the Freedom Phone. The plaintiffs sold this business to ClearCellular, Inc., which is owned by Michael Proper. Finman agreed to work for ClearCellular and to promote the Freedom Phone. Finman's relationship with ClearCellular and Proper (collectively, the defendants) deteriorated, and he quit. The plaintiffs filed a complaint against the defendants, asserting claims related to the sale of the Freedom Phone business and Finman's employment with ClearCellular. Among other claims, the plaintiffs asserted causes of action for defamation and fraud. The defendants answered the complaint.

The plaintiffs subsequently filed an amended complaint. They again asserted claims for defamation and fraud, which were substantially similar to the claims asserted in the original complaint. But instead of answering the amended complaint, the defendants filed this motion to dismiss the defamation and fraud claims. ECF No. 25. The defendants argue that the plaintiffs failed to properly plead the defamation claim under Rule 8(a) of the Federal Rules of Civil Procedure, which states that a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." The defendants assert that the defamation claim should be dismissed because the allegations of the amended complaint lack specificity concerning the time, place, actors, and conduct supporting the claim such that they are unable to respond. The defendants also argue that the fraud claim should be dismissed pursuant to Rule 9(b), which requires plaintiffs to "state with particularity the circumstances constituting fraud," because the complaint lacks the level of specificity required for them to respond to this claim.

The court DENIES the defendants' motion as untimely. Neither Rule 8(a) nor Rule 9(b) contains an enforcement provision. The requirements of Rule 8(a) and Rule 9(b) are, therefore, typically enforced through a motion to dismiss under Rule 12(b)(6) or a motion for a more definitive statement under Rule 12(e). *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1300 (4th ed. 2022). A motion brought under either Rule 12(b)(6) or Rule 12(e) must be filed before a responsive pleading. Because the defendants answered the original complaint, which contained nearly identical claims for defamation and fraud, they waived their right to assert that these claims were not pled with sufficient particularity to permit them to respond to these claims.

The defendants argue that although their motion to dismiss was untimely, the court should deem the motion to be a motion for judgment on the pleadings brought under Rule 12(c), which may be filed after the pleadings are closed. Under Rule 12(h)(2), a party may argue that a plaintiff has failed to state a claim for relief in a motion for judgment on the pleadings. Because a Rule 12(b)(6) motion and a Rule 12(c) motion are analyzed under the same standard, *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000), courts have treated an untimely Rule 12(b)(6) motion to be a Rule 12(c) motion, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). But, for the most part, the defendants have not argued that they should prevail as a

matter of law because the plaintiffs failed to state a claim for relief. They principally assert that the plaintiffs did not plead their defamation and fraud claims with sufficient particularity under Rules 8(a) and 9(b). Because Rule 12(c) is not a proper vehicle for an insufficient particularity argument, the court may not convert the defendant's untimely motion into a motion for judgment on the pleadings in order to save it.

Although the defendants briefly assert that the defendants failed to state a claim for fraud based on representations concerning future events, that argument is without merit.[1] To prevail on a fraud claim based on a promise of future performance, the plaintiff must prove that the defendant made the promise (1) with the present intent not to perform and (2) with the intent to induce the plaintiff to act in reliance on the promise. *Von Hake v. Thomas*, 705 P.2d 766, 770 (Utah 1985). The defendants contend that the fraud claim should be dismissed because the plaintiffs failed to allege facts supporting these intent requirements. The court disagrees. Intent, along with "other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). The plaintiffs met this standard by alleging in their complaint that the defendants knew that the representations were false at the time they were made and that they made the representations with the intent to induce the plaintiffs to enter into the sales agreement. ECF no. 21 at ¶¶ 52–54. That is all that is required by Rule 9(b). Accordingly, the court rejects the defendants' argument that the fraud cause of action should be dismissed for a failure to state a claim.

---

[1] The defendants argue for the first time in their reply brief that the plaintiffs' fraud claim is barred by the economic loss rule. Because this argument was raised in a reply brief, depriving the plaintiffs of an opportunity to respond to it, the court does not consider it. *See In re: Motor Fuel Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1113 (10th Cir. 2017) ("[A]rguments raised for the first time in a reply brief are waived.").

In short, the court does not consider the defendant's Rule 8(a) and Rule 9(b) arguments because they are tardy. The court also rejects the defendants' argument that the plaintiffs failed to state a claim for fraud. The court, therefore, DENIES the motion to dismiss.

DATED March 31, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge