IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIK FINMAN and FREEDOM PHONE LIMITED COMPANY, LLC, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> CLEARCELLULAR, INC. and MICHAEL PROPER, <br><br> Defendants and Counterclaim Plaintiffs. | MEMORANDUM DECISION AND ORDER GRANTING THE PLAINTIFFS' MOTION FOR SANCTIONS AND DENYING PROPER'S MOTIONS FOR LEAVE TO REPRESENT CLEARCELLULAR <br><br> Case No. 2:22-cv-00272-JNP-JCB <br><br> District Judge Jill N. Parrish |

Before the court are three motions. Plaintiffs and counterclaim defendants Erik Finman and Freedom Phone Limited Company, LLC (collectively, the plaintiffs) move to dismiss the counterclaims brought by ClearCellular, Inc. and for entry of default on the claims against this defendant because ClearCellular has failed to hire an attorney to represent it.[1] ECF No. 56. Defendant and counterclaim plaintiff Michael Proper also filed two motions requesting leave to represent ClearCellular in this case even though he is not an attorney. ECF Nos. 62, 63. The court GRANTS the plaintiffs' motion and DENIES Proper's motions.

---

[1] The plaintiffs originally moved to dismiss all counterclaims brought by ClearCellular and Michael Proper, as well as for an entry of default against both ClearCellular and Proper. But after Proper appeared pro se in this case, the plaintiffs dropped their requests for dismissal and for entry of default against him. ECF No. 61.

## BACKGROUND

This case centers on a business deal between the plaintiffs and ClearCellular and Proper (collectively, the defendants). The plaintiffs and the defendants have asserted claims against each other arising from the plaintiffs' sale of the Freedom Phone business to the defendants.

Counsel for the defendants moved to withdraw. Judge Bennett granted the motion and notified the defendants that "[p]ursuant to DUCivR 83-1.3(c), [ClearCellular may not] appear pro se but instead must be represented by an attorney who is admitted to practice in this court." ECF No. 54. Judge Bennett also notified the defendants that if an attorney failed to file an appearance to represent them within 21 days, or if Proper failed to appear pro se, they would be subject to sanctions, including dismissal or default judgment. The defendants failed to meet this deadline, and the plaintiffs moved to dismiss the defendants' counterclaims and for entry of default as to the claims against the defendants. Later that same day, Proper filed an appearance pro se. Even though he is not a lawyer, he also purported to appear on behalf of ClearCellular.

The court subsequently entered an order notifying the defendants that Proper could not represent ClearCellular. The court ordered that ClearCellular would have until December 1, 2022, to retain counsel. The court further notified ClearCellular that if it did not retain counsel by this date, "the court may sanction ClearCellular by dismissing its counterclaims and by entering a default against it on [the] claims against ClearCellular." ECF No. 60. An attorney did not appear on behalf of ClearCellular by the deadline set by the court. On December 2, 2022, the plaintiffs requested the dismissal of ClearCellular's counterclaims and for entry of default against ClearCellular because it failed to meet the deadline set by the court.

On January 6, 2023, Proper filed two motions, apparently in response to the court's order for ClearCellular to retain counsel. In these motions, he again requests leave to represent ClearCellular in these proceedings.

## ANALYSIS

The court first addresses the plaintiffs' motion to dismiss and for entry of default against ClearCellular. The court twice ordered ClearCellular to obtain counsel and advised it that a failure to comply could result in dismissal of its counterclaims and an entry of default against it. On both occasions, ClearCellular disregarded the court's order. Under Rules 16(f)(1) and 37(b)(2)(A) of the Federal Rules of Civil Procedure, the court may sanction a party that disobeys a pretrial order by "dismissing the action or proceeding in whole or in part" and by "rendering a default judgment against the disobedient party." Both of these sanctions are appropriate here. "The rule is well established that a corporation can appear in a court of record only by an attorney at law." *Flora Const. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962). Because ClearCellular may only prosecute its counterclaims and defend itself from the plaintiffs' claims through a lawyer, its failure to procure counsel has stalled this litigation. Thus, ClearCellular's repeated disregard of the court's orders to retain counsel merit dismissal of its counterclaims and entry of default on the plaintiffs' claims against it.[2]

---

[2] Although the court enters a default against ClearCellular, a default judgment on these claims would be premature at this juncture. "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (per curiam) (quoting 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (1983)); *accord Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). The plaintiffs' have asserted claims for fraud and defamation against both ClearCellular and Proper. Because the plaintiffs allege that ClearCellular and Proper are jointly

Next, the court addresses Proper's two motions in which he requests leave to represent ClearCellular. As noted above, established Tenth Circuit precedent prohibits a non-attorney from representing a business entity. *See id*. Accordingly, the court denies Proper's motions for leave to represent ClearCellular.

## CONCLUSION

The court grants the plaintiffs' motion. ECF No. 56. All counterclaims asserted by ClearCellular are hereby dismissed. The court further enters a default against ClearCellular on all of the plaintiffs' claims against this entity.

The court denies Proper's motions for leave to represent ClearCellular in this action. ECF Nos. 62, 63

DATED April 19, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

liable for these causes of action, no default judgment may be entered against ClearCellular until the fraud and defamation claims against Proper have been resolved as well.